UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>        Plaintiff,<br><br>   v.<br><br>KERRY K. KILLINGER, et al.,<br><br>        Defendants. | CASE NO. C11-459 MJP<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Plaintiff's motion for a protective order. (Dkt. No. 63.) Having reviewed the motion, the opposition (Dkt. No. 67), the reply (Dkt. No. 69), and all related papers, the Court GRANTS in part the motion.

**Background**

Plaintiff Federal Deposit Insurance Corporation ("FDIC") has filed suit against Kerry Killinger, Stephen Rotella, and David Schneider for gross negligence, negligence, and breach of fiduciary duty arising out of their roles as directors and officers of the failed Washington Mutual Bank ("WaMu"). The FDIC has also alleged claims against Kerry and Linda Killinger and

1   Stephen and Esther Rotella for engaging in fraudulent transfers.  The FDIC pursues state law
2   causes of action in its role as receiver for WaMu.
3       Defendants Kerry and Linda Killinger propounded a set of requests for production that
4   seek documents from the FDIC and the Office of Thrift Supervision ("OTS").  Many of the
5   requests ask for internal documents from the FDIC or OTS that would have been generated
6   before the FDIC seized WaMu and took it into receivership.  Some of the requests seek pre-
7   receivership documents that were given to WaMu.  Other requests seek internal documents from
8   the FDIC regarding its decision to take WaMu and other banks into receivership.  The FDIC
9   objects to providing any internal documents pre- and post-receivership, and has filed this motion
10  for a protective order.  Defendants have not filed answers to the complaint, and have instead filed
11  motions to dismiss.  As such, no affirmative defenses have been presented to the Court.

12                                          **Analysis**

13  A.    Standard

14      Federal Rule of Civil Procedure 26(b)(1) provides that "[u]nless otherwise limited by
15  court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is
16  relevant to any party's claim or defense. . . ."  To obtain a protective order, the moving party
17  must demonstrate good cause for the Court to issue an order to avoid "annoyance,
18  embarrassment, oppression or undue burden or expense."  Fed. R. Civ. P. 26(c).  A protective
19  order can be properly issued where the discovery requests seek information that is not relevant.
20  "Good cause" is established where it is specifically demonstrated that disclosure will cause a
21  "specific prejudice or harm."  Rivera v. NIBCO, Inc., 384 F.3d 822, 827 (9th Cir. 2004) (quoting
22  Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1211-12 (9th Cir.
23  2002)).

24

B.  Pre-Receivership Documents

The FDIC objects to the disclosure of pre-receivership internal communications from or to the OTS or FDIC that relate to WaMu.  Defendants contend that because the OTS and FDIC were WaMu's primary and secondary regulators, their regulatory oversight will inform the jury's understanding of the proper standard of care.  The Court agrees with the FDIC that these documents are not relevant to the claims the FDIC pursues.  Defendants point to no authority that suggests the FDIC's or the OTS's internal conduct as regulators is relevant to any claim of negligence or gross negligence brought against a failed bank's directors and officers.  The Court finds any such internal communications are not relevant to the claims the FDIC has alleged.  The Court thus GRANTS in part the motion on this issue.  Defendants may not obtain internal communications from or to the FDIC or OTS regarding WaMu that were not shared with WaMu.  This applies to any audits of WaMu that were not shared with the bank prior to receivership.

The Court does, however, find relevant any communications the FDIC or OTS made to WaMu prior to receivership.  Such documents are potentially relevant to establishing the proper standard of care in the negligence and gross negligence claims.  The OTS and FDIC must disclose any documents in their possession that were given to WaMu that are responsive to these RFPs concerning pre-receivership conduct.  This is in addition to those documents the FDIC has already agreed to provide that are in WaMu's files.  (See Dkt. No. 63 at 3 n.3.)  In short, the FDIC and OTTS must search their own files as well as the files of WaMu; they may not simply rely upon the documents found in WaMu's files.

C.  Post-Receivership Documents

The parties dispute whether the FDIC must produce documents related its decision to seize WaMu and other federally-insured institutions.  Because the Court's determination of

1  relevance is bound by the pleadings, it can determine relevance only based on the FDIC's claims.
2  It does not consider any future affirmative defense Defendants may or may not plead.
3  Defendants argue that the sorts of documents it seeks will show that the FDIC prematurely
4  seized WaMu and caused the damages alleged in the complaint.  The Court does not believe this
5  information is relevant to the FDIC's claims.  Whether the FDIC caused any of the damages is a
6  matter of an affirmative defense that has yet to be asserted.  At this stage of the case, the Court
7  does not find these RFPs seek relevant information.  The Court therefore GRANTS the motion
8  and bars discovery of the information sought in RFPs 22-27.

9        This decision does not preclude Defendants from asserting any affirmative defense and
10 then later filing a new request for production for such materials.  At that point the Court will
11 consider whether the discovery requests seek relevant information and whether the "no duty"
12 rule applies.  Deciding the issue now is unnecessary and premature.

13       Any future discovery disputes on this or any other issue in this case must be submitted to
14 the Court in the unified format set forth in Local Rule CR 37.  The Court will strike without
15 prejudice any motion to compel that is not filed using this format.

16       **Conclusion**

17       The Court GRANTS in part the FDIC's motion for a protective order.  Defendants'
18 requests for production of pre- and post-receivership internal communications seek information
19 that is not relevant to the FDIC's claims.  The FDIC does not have to respond to those requests.
20 The FDIC must, however, produce any documents it or the OTS possesses that are responsive to
21 the pre-receivership requests for production where the materials sought were given to WaMu.
22 Any further discovery disputes in this case must be submitted to the Court using the unified
23
24

1 | format of Local Rule CR 37.  The Court will strike any discovery motions that are not submitted
2 | using this format.

3 | The clerk is ordered to provide copies of this order to all counsel.

4 | Dated this 21st day of September, 2011.

Marsha J. Pechman
United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER- 5